Natalya Vartapetova, Esq. SBN 247350
**LAW OFFICES OF NATALYA VARTAPETOVA**
3940 Laurel Canyon Blvd., Ste 1038
Studio City, CA 91604
Tel.: (818) 232-3190
Fax: (818) 232-3194

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OKORIE OKOROCHA, an individual. | Case No. 2:12-cv-04248-GAF-FFM |
| Plaintiff | **PLAINTIFF'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE COUNTERCLAIM FOR LIBEL AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ARISING FROM ALLEGED LIBEL, PURSUANT TO CAL.CODE CIV. PROC. § 425.16; DECLARATION OF OKORIE OKOROCHA AND NATALYA VARTAPETOVA, ESQ. IN SUPPORT THEREOF** |
| v. | |
| PATICK DUFF, an individual, and DOES 1-100, inclusive. | |
| Defendants | |
| _____ | |
| AND RELATED COUNTER-CLAIMS | Hon. Gary A. Feess |

Date:         July 30, 2012
Time:        9:30 a.m.
Courtroom:  Roybal Building
                 255 E. Temple Street
                 Los Angeles, Ca 90012

## TABLE OF CONTENTS        PAGE

I.     RELEVANT FACTS........................................................................3

II.    POINTS AND AUTHORITIES/LAW AND ARGUMENT..................................6

    1.    STANDARDS FOR A SPECIAL MOTION TO STRIKE..........................6

    2.    DEFENDANT DUFF'S DEFAMATION CLAIM ARISES FROM PROTECTED ACTIVITY ON A TOPIC OF PRIOR LITIGATION AND ARE BOTH PRIVILEGED AND NON-DEFAMATORY STATEMENTS THAT ARE SUBJECT TO A SPECIAL MOTION TO STRIKE PURSUANT TO CAL.CODE CIV.PROC. § 425.16...................................8

        a.    Plaintiff Okorocha's Statements on a Public Website are Protected Activity Under the Anti-SLAPP statute, Cal.Code iv.Proc. § 425.16, and Thus Satisfies the First Prong by "Arising From Protected Activity".............................9

        b.    Defendant Duff Has No Reasonable Probability of Prevailing on His Libel Claim Because Plaintiff Okorocha's Statements are Absolutely Privileged Pursuant to the Litigation Privilege of Cal.Civ.Code § 47 (b)..........................9

            i.    Plaintiff Okorocha's Web Site Statements Are Privileged..........................10

            ii.    Plaintiff Okorocha's  Web Site Statements Are Non-Actionable  Hyperbole and Opinion That Are Not "Provably False Factual Assertions"...................................11

        c.    Defendant Duff Has No Reasonable Probability of Prevailing on His New Intentional Infliction of Emotional Distress Claim Because it is Based Upon the Alleged Defamation Which is Not Itself Actionable, and the Statements by Plaintiff Okorocha Do Not Constitute "Outrageous Conduct"...................................14

III.   CONCLUSION...........................................................................15

i

## TABLE OF AUTHORITIES          PAGE(S)

### STATUTORY LAW

Civ. Code, § 45...................................................................................10
Civ. Code, § 46...................................................................................10
Civ.Code § 47.....................................................................................10
Code Civ.Proc. § 425.16..................................................................passim

### CASE LAW

Agarwal v. Johnson,
25 Cal.3d 932 (Cal. 1979)..................................................................15
Baker v. Los Angeles Herald Examiner,
42 Cal.3d 254 (Cal. 1986)..................................................................11
Barrett v. Rosenthal,
40 Cal.4th 33 (Cal. 2006)...................................................................9.
Brill Media Co., LLC v. TCW Group, Inc.
132 Cal.4th 324 (Cal. 2005)................................................................7
Carson v. Facilities Dev., Co.,
36 Cal.3d 830 (Cal. 1984)..................................................................14
Carver v. Bonds,
135 Cal.App.4th 328 (Cal. 2005)........................................................10
City of Cotati v. Cashman
29 Cal.4th 69 (Cal. 2002)....................................................................6
Computer Xpress, Inc. v. Jackson,
93 Cal.App.4th 993 (Cal. 2001)...........................................................9
Davidson v. City of Westminster,
32 Cal.3d 197 (1982)..........................................................................15
Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin,
418 U.S. 264 (1974)............................................................................13
Dowling v. Zimmerman,
85 Cal.App.4th 1400, 1420 (2001)........................................................11
Dworkin v. Hustler Magazine, Inc.,
867 F.2d 1188, 1193 (9th Cir. 1989).....................................................11
Equilon Enterprises, LLC v. Consumer Cause, Inc.
29 Cal.4th 53  (Cal. 2002) .................................................................6,7
Flatley v. Mauro,
39 Cal.4th 299,  46 Cal. Rptr .3d 606 (2006).........................................4

<u>TABLE OF AUTHORITIES</u>  (CONT.)                    <u>PAGE(S)</u>

*Franklin v. Dynamic Details, Inc.,*
116 Cal.App.4th 375 (Cal. 2004)........................................................13

*Gilbrook v. City of Westminster,*
177 F.3d 839 (9th Cir. 1999)............................................................11

*Global Telemedia International, Inc. v. Doe,*
132 F. Supp.2d 1261 (C.D.Cal. 2001)..................................................9

*Greenbelt Coop. Publ'g Ass'n v. Bresler,*
398 U.S. 6 (1970)...........................................................................13

*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.,*
129 Cal.App.4th 1228 (Cal. 2005).....................................................14

*Hurvitz v. Hoefflin,*
84 Cal.App.4th 1232 (Cal. 2000)........................................................8

*Jepersen v. Zubiate-Beauchamp*
114 Cal. App. 4th 624 (Cal. 2002).......................................................6

*Kajima Engineering & Construction, Inc. v. City of Los Angeles,*
95 Cal.App.4th 921 (Cal. 2002)..........................................................7

*Lieberman v. Fieger,*
338 F.3d 1076 (9th Cir. 2003)...........................................................12

*Metabolife Inter., Inc. v. Wornick,*
264 F.3d 832, 850 (9th Cir. 2001)....................................................8,14

*Milkovitch v. Lorain Journal Co.,*
497 U.S. 1 (1990)...........................................................................11

*Mindy's Cosmetics, Inc. v. Dakar,*
611 F.3d 590 (9th Cir. 2010)............................................................10

*Moyer v. Amador Valley J. Union High School Dist.*
225 Cal. App. 3d 720 (Cal. 1990).......................................................13

*Navarro v. IHOP Properties, Inc.,*
134 Cal.App.4th 834 (Cal. 2005).....................................................6,11

*Nat'l Ass'n of Letter Carriers v. Austin,*
418 U.S. 264, 284-85 (1974).............................................................13

*Navellier v. Sletten,*
29 Cal. 4th  (Cal. 2002) 82.............................................................7,8,11

*New York Times v. Sullivan,*
376 U.S. 254 (1964).......................................................................10

*Nicosia v. De Rooy,*
72 F. Supp. 2d 1093 (N.D. Cal. 1999)..............................................12,13

*Oasis West Realty, LLC v. Goldman,*
51 Cal.4th 811  (Cal. 2011) ...............................................................8

## TABLE OF AUTHORITIES  (CONT.)                       PAGE(S)

*Partington v. Bugliosi,*
56 F.3d 1147 (9th Cir. 1994)................................................................12

*Ringler Assoc. Inc. v. Md. Cas. Co.,*
80 Cal.App.4th 1165 (Cal. 2000)........................................................11

*Rubin v. Green,* 4 Cal.4th 1187 (Cal.
1993)..........................................................................................................10

*Sandals Resorts Int'l, Ltd v. Google, Inc.,* 925 N.Y.S. 2d 407
(N.Y. App. Div. 2011)..........................................................................13

*Schoendorf v. U.D. Registry,*
97 Cal.App. 4th 227 (Cal. 2002)..........................................................7

*Silberg v. Anderson,*
50 Cal.3d 205 (Cal. 1990)....................................................................10

*Smith v. Maldonado,*
72 Cal.App.4th 637 (Cal. 1995)..........................................................10

*Sommer v. Gabor,*
40 Cal.App.4th 1455(Cal. 1995)..........................................................13

*Taus v. Loftus,*
40 Cal.4th 683 (Cal. 2007)..............................................................6,10

*Too Much Media, LLC v. Hale,*
206 N.J. 209 (N.J. 2011)......................................................................13

*Underwager v. Channel 9 Australia,*
69 F.3d 361 (9th Cir. 1995)..................................................................11

*Vogel v. Felice,*
127 Cal.App.4th 1006 (Cal. 2005)..............................................9,12,13

*Wilbanks v. Wolk,*
121 Cal.App.4th 883 (Cal. 2004)..........................................................9

*Wilcox v. Superior Court,*
27 Cal.App.4th 809 (Cal. 1994)............................................................6

*Wilson v. Parker, Covert & Chidester,*
28 Cal.4th 811 (Cal. 2002)....................................................................7


## OTHER AUTHORITIES

Rest. 2d Torts, § 46...............................................................................15

Natalya Vartapetova, Esq. SBN 247350
**LAW OFFICES OF NATALYA VARTAPETOVA**
3940 Laurel Canyon Blvd., Ste 1038
Studio City, CA 91604
Tel.: (818) 232-3190
Fax: (818) 232-3194

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| OKORIE OKOROCHA, an individual. | Case No. 2:12-cv-04248-GAF-FFM |
| Plaintiff | **PLAINTIFF'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE COUNTERCLAIM FOR LIBEL AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ARISING FROM ALLEGED LIBEL, PURSUANT TO CAL.CODE CIV. PROC. § 425.16; DECLARATION OF OKORIE OKOROCHA AND NATALYA VARTAPETOVA, ESQ. IN SUPPORT THEREOF** |
| v. | |
| PATICK DUFF, an individual, and DOES 1-100, inclusive. | |
| Defendants | |
| | Hon. Gary A. Feess |
| AND RELATED COUNTER-CLAIMS | Date:     July 30, 2012 |
| | Time:     9:30 a.m. |
| | Courtroom:  Roybal Building |
| | 255 E. Temple Street |
| | Los Angeles, Ca 90012 |

PLAINTIFF'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE
COUNTERCLAIM PURSUANT TO CAL.CODE CIV. PROC. § 425.16

1

1

2     To all parties to this case and their respective counsel, PLEASE TAKE NOTICE that on

3     July 30, 2012 at 9:30 a.m. at the Roybal Courthouse located at 255 East Temple Street Los

4     Angeles, CA 90012-3332, Plaintiff Okorie Okorocha ("Okorocha") will move the court to strike

5     the counterclaims filed by Defendant Patrick Duff ("Duff") pursuant to Cal.Code Civ.Proc. §

6     425.16, based upon the following grounds:

7          1.     That Plaintiff Okorocha's statements arise from protected activity subject to a

8     special motion to strike pursuant to Code Civ.Proc. § 425.16;

9          2.     That Plaintiff Okorocha's statements alleged to be defamatory are privileged

10    pursuant to CalCiv.Code § 47(b) as relating to and arising from prior litigation and threats of

11    new legal malpractice litigation, and thus not actionable.

12         3.     That Plaintiff Okorocha's statements were opinion and hyperbole that are not

13    provably false factual assertions, and thus not actionable libel.

14         4.     That Plaintiff Okorocha's statements allegedly constituting intentional infliction

15    of emotional distress arising from the alleged libel are also barred by the litigation privilege, and

16    thus not actionable.

17

18    Dated this  27th day of June, 2012

19                                                 _____/S/_____

20                                                    Natalya Vartapetov, Esq.
21                                                    Attorney for Plaintiff

22

23

24

25

26

27                        .

28

Comes Plaintiff Okorocha who files this special motion to strike the counterclaim filed by Defendnat, Duff, pursuant to Cal.Code Civ.Proc. 425.16. Plaintiff Okorocha supports his motion with the following points and authorities, and the declaration of Okorie Okorocha, as well as exhibits attached thereto.

## I.

## **RELEVANT FACTS**

On or about March of 2010, Duff retained Okorocha to represent him in a criminal case. On or about February 16, 2011, Duff fired Okorocha and a Public Defender was appointed to represent Duff in his criminal case.  Duff was tried and was convicted.  His conviction is currently being appealed.

Just few days after Duff discharged Okorocha, Duff initiated an array of emails and phone calls demanding that Okorocha not only issue him a refund of the legal fees paid, but in addition pay twice the amount in return.  Duff threatened Okorocha with a civil action if Okorocha doesn't comply with his demands.

As soon as February 21, 2011, just 5 days after Okorocha was released as attorney of record on Duff's criminal case, Okorocha received an email from Duff indicating that if Okorocha doesn't pay Duff $10,000 within 7 days, Duff will file a legal malpractice case against Okorocha. *Attached please find a copy of the email dated February 21, 2011 as **Exhibit "A"**.*

On March 7, 2012, Duff send another email to Okorocha where he threatened to "bring to the attention of the Bar and the Judge....See you in court". *Attached please find a copy of the email dated March 7, 2011 as **Exhibit "B"**.*

For the next few months Duff continued to email Okorocha and extort the money by threatening to file a legal action.  On or about August 15, 2011, Okorocha received yet another email where Duff among other things stated that he "...will be making a web page to show what type of service you provide, and comments you make about your clients....Why not just pay me

PLAINTIFF'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE
COUNTERCLAIM PURSUANT TO CAL.CODE CIV. PROC. § 425.16

3

back the money…" *Attached please find a copy of the email dated August 15, 2011 as* **Exhibit "C".**

The above is extortion plain and simple as decided by the Supreme Court in *Flatley v. Mauro*, 39 Cal.4th 299,  46 Cal. Rptr .3d 606 (2006).

Seeing that Okorocha has not complied with his demands, Duff initiated multiple and repeated reviews of Okorocha's services on <u>Avvo.com</u>, a website where public gets to post reviews on professionals such as lawyers, doctors and dentists.  Lawyers, on the other hand, get to post a reply to the reviews posted regarding them.

Although, according to rules of <u>Avvo.com</u> a client is allowed to review the lawyer only ones, Duff in violation of the rules, continued to post multiple reviews one after the other.  *A copy of the postings between Duff and Okorocha are attached hereto as* **Exhibit "D".**

On or about May of 2012, after hearing from the media that Okorocha is involved as an attorney on a high profile case, Duff, as he threatened to do in his emails, purchases a domain name <u>okorieokorocha.com</u> where he posted defamatory statement about Okorocha and is making it a gripe site in an attempt to get his 15 minutes of fame.

Upon purchasing the domain name Duff immediately emailed Okorocha stating that "it is not for sale anymore". Okorocha filed the underlying  cybersquatting suit.  Duff answered counter-claiming Libel.  *A copy of Duff's email regarding purchase of domain name is attached hereto as* **Exhibit "E".**

Upon being served with the complaint, on May 22, 2012 Duff emailed Okorocha's counsel a short email where he threatened to go to the media.  *A copy of Duff's email regarding media is attached hereto as* **Exhibit "F".**

On May 28, 2012, Okorocha's counsel wrote a letter to Duff in an attempt to resolve the dispute between the parties.  *A copy of the letter to Duff is attached hereto as* **Exhibit "G".**

On May 31, 2012, Duff emailed Okorocha's counsel a letter that Duff wrote to Okorocha on February 21, 2011 where he demanded $10,000 in return for not filing a legal malpractice suit. *A copy of Duff's May 31, 2012 email to Okorocha's counsel is attached hereto as* **Exhibit "H"**

On the same day, May 31, 2012 just few minutes later, Duff send another letter to Okorocha's counsel where Duff again demanded that if Okorocha does not pay Duff $10,000 by June 5, 2012 he will file separate actions against Okorocha. *A copy of Duff's May 31, 2012 demand letter to Okorocha's counsel is attached hereto as* **Exhibit "I"**

On June 5, 2012, Duff emailed Okorocha's counsel again stating that because he received no reply to his $10,000 demand, new counterclaims will be filed against Okorocha the next day. The proposed amended answer was attached to the email where in addition to libel Duff plead breach of contract, breach of fiduciary responsibility, intentional infliction of emotional distress, other claims, and asked the court for $100,000 in general damages, $100,000 in punitive damages and other damages. *Attached please find a copy of Duff's email to Okorocha's counsel along with Duff's proposed amended answer as* **Exhibit "J"**.

On June 6, 2012, Duff emailed Okorocha directly where yet again he threatened to file an amended cross complaint where he intended to include a "couple of new causes of action". *A copy of Duff's email to Okorocha regarding is attached hereto as* **Exhibit "K"**.

Seeing that Okorocha is not willing to pay him the ransom, Duff, filed his First Amended Answer and First Amended Counterclaim with the court on June 20, 2012.

Duff, has decided that his opinions and commentary of Okorocha's legal services or consumer websites were fair game, but Okorocha's opinions and commentary in response to them is somehow defamatory or out of line.

Okorocha asserts that because his statements about Defendant Duff, were privileged as related to and arising from the litigation, and that are privileged and also hyperbole and opinion, it is not actionable defamation. Okorocha further asserts that because his statements allegedly constituting intentional infliction of emotional distress arising from the alleged libel are also barred by the litigation privilege, and thus not actionable.

# I.
## POINTS AND AUTHORITIES
### 1.
### STANDARDS ON A SPECIAL MOTION TO STRIKE

In response to the threat such lawsuits posed to the important public policy of open and free participation in the democratic process, the Legislature adopted section 425.16 (the anti-SLAPP statute) *Navarro v. IHOP Properties, Inc.*, 134 Cal.App.4th 834, 839 (Cal. 2005). A SLAPP suit is "a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights." *Wilcox v. Superior Court*, 27 Cal.App.4th 809, 815, fn. 2 (Cal. 1994). In order to bring a successful SLAPP motion, the Counter-Complainant must to show that plaintiff's lawsuit "arises from" Counter-Complainant's exercise of free speech or petition rights as defined in Code Civ.Proc. § 425.16(e), *Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 29 Cal.4th 53, 61 (Cal. 2002).

In undertaking the first step of the analysis to determine whether the conduct or activity of defendant that gave rise to plaintiff's claims was activity in furtherance of defendant's right of petition or free speech in connection with a public issue, section 425.16, subdivision (e) defines such activity as including "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest" as well as "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(3) & (4), italics added.) *Taus v. Loftus*, 40 Cal.4th 683, 703 (Cal.2007).

The defendant's burden to show a " 'cause of action ... arising from' " is not met by showing that the label of the lawsuit appears to involve the rights of free speech or petition, rather the defendant must show that the substance of the plaintiff's cause of action was an act in furtherance of the right of petition or free speech. *Jepersen v. Zubiate-Beauchamp*, 114 Cal. App. 4th 624, 631(Cal/ 2002), citing to *City of Cotati v. Cashman*, 29 Cal.4th 69, 76-77 (Cal. 2002).

Furthermore, the defendants have the burden to establish both that the suit arises from conduct described in Cal. Code Civ.Proc § 425.16, and that it is not subject to the exceptions

contained in Cal. Code Civ.Proc § 425.17.  *Brill Media Co., LLC v. TCW Group, Inc.*, 132 Cal.4th 324, 330 (Cal. 2005).   To determine what action gives rise to the claim, the California Supreme Court requires the courts to focus on what action gives rise to the asserted liability.  *Navellier v. Sletten*, 29 Cal. 4th 82, 92 (Cal. 2002).

Even if the court finds such a showing that the lawsuit arises from protected activity, it must then determine the second prong for a special motion to strike pursuant to Code Civ.Proc. §425.16: whether the plaintiff has demonstrated a reasonable probability of prevailing on the claim under prevailing evidentiary standards.  *Equilon Enterprises LLC*, 29 Cal.4th at 67, citing to Code Civ. Proc. § 425.16 (b).   If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers `the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'"  *Id.* at 67. (emphasis added.)

In order to defeat a motion to strike made pursuant to the anti-SLAPP statute, " 'the plaintiff' must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'"  *Navellier*,  29 Cal.4th at 88-89.  The defendant has the burden on the first issue, the threshold issue; the plaintiff has the burden on the second issue.'"  *Kajima Engineering & Construction, Inc. v. City of Los Angeles*, 95 Cal. App. 4th 921, 928. (Cal. 2002)  The evidentiary showing required must be made by competent admissible evidence within the personal knowledge of the declarant.  *Schoendorf v. U.D. Registry* 97 Cal.App. 4th 227, 236 (Cal. 2002).

Specifically, in determining the plaintiff's burden, this court must presume the plaintiff's facts as true and must not weigh the credibility of the competing evidence; but instead see if it defeats the plaintiff's causes of action as a matter of law.   This prima facie sufficiency test was set forth in *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 821 (Cal. 2002):

> "In deciding whether the motion has merit, "the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant  § 425.16, subd. (b)(2)); though the court does not weigh the credibility or comparative

1    probative strength of competing evidence, it should grant the motion if, as a
2    matter of law, the defendant's evidence supporting the motion defeats the
3    plaintiff's attempt to establish evidentiary support for the claim."

4         The court must consider not only facts supported by direct evidence, but also facts that reasonably
5    can be inferred from the evidence.  See *Oasis West Realty, LLC v. Goldman* , 51 Cal.4th 811, 822 (Cal.
6    2011).  A defendant moving to strike under section
7    425.16 need not "demonstrate that the action actually has had a chilling effect on the exercise of such
8    rights. " *Navellier v. Sletten* , 29 Cal.4th 82, 88 (Cal. 2002). Specifically, special motions to strike based
9    upon a claim of defamation are authorized in federal court. *Metabolife Inter., Inc. v. Wornick*, 264 F.3d
10   832, 850 (9th Cir. 2001).

## 2.
## DEFENDANT DUFF'S DEFAMATION CLAIM ARISES FROM PROTECTED ACTIVITY ON A TOPIC OF PRIOR LITIGATION AND ARE BOTH PRIVILEGED AND NON-DEFAMATORY STATEMENTS THAT ARE SUBJECT TO A SPECIAL MOTION TO STRIKE PURSUANT TO CAL.CODE CIV.PROC. § 425.16

17        The right to free speech is one of the cornerstones of our society protected under
18   U.S.Const.Amend. I. *Hurvitz v. Hoefflin*, 84 Cal.App.4th 1232, 1241 (2000). The statements that
19   Duff relies upon are in response to statements posted by  Duff on the http://www.avvo.com website.
20   Those statements arise from Okorocha's representation of Duff in a criminal case which is currently
21   pending on appeal, and in response to Duff's comments about Okorocha's legal services at the trial
22   court, and his threatened litigation for over a year.  (See Declaration of Okorie Okorocha and
23   Exhibits "A", "B", "C", "D", "E", and "K".)  In effect, Duff's initial comments, and those on his web
24   page at issue in this case, are both alleging incompetence and legal malpractice of Okorocha   in
25   preparation for a prospective lawsuit, and for arguments on a prospective appeal or writ of habeas corpus.
26   Under well-established California law, all of these statements are privileged.

27   ///

28   ///

a. **Plaintiff Okorocha's Statements on a Public Website are Protected Activity Under the Anti-SLAPP statute, Cal.Code Civ.Proc. § 425.16, and Thus Satisfies the First Prong by "Arising From Protected Activity"**

Whether Plaintiff Okorocha provides competent legal services as an attorney to the public is a matter of public concern. Under the anti-SLAPP statute, an "act in furtherance of the right to petition or free speech " includes "any . . . oral statement . . . made in a . . . public forum in connection with an issue of public interest." Cal.Code Civ.Proc. § 425.16(e). The California Supreme Court held that web sites accessible to the public are "public forums" for the purposes of the anti-SLAPP statute. See *Barrett v. Rosenthal*, 40 Cal.4th 33, 41, fn. 4 (Cal. 2006). "Under its plain meaning, a public forum is not limited to a physical setting, but also includes other forms of public communication." accord, *Computer Xpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 1007 (Cal. 2001). Postings made on websites are accessible to anyone who chooses to visit the site, and thus they "hardly could be more public." See *Wilbanks v. Wolk*, 121 Cal.App.4th 883, 895 (Cal. 2004). See also *Global Telemedia International, Inc. v. Doe* 132 F. Supp.2d 1261, 1264 (C.D.Cal. 2001), [Website postings criticizing business or service capabilities or performance are a matter of public interest.]

Hence, Plaintiff Okorocha, has satisfied the first prong of the anti-SLAPP statute because the alleged defamatory statements arose from protected activity.

b. **Defendant Duff Has No Reasonable Probability of Prevailing on His Libel Claim Because the Counter-Defendant's Statements are Absolutely Privileged Pursuant to the Litigation Privilege of Cal.Civ.Code § 47 (b)**

In order to defeat an anti-SLAPP motion after the first prong has been established, "the plaintiff `must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' *Vogel v. Felice*, 127 Cal.App.4th 1006, 1017 (Cal. 2005). To defeat an anti-SLAPP motion to strike a libel or defamation claim, plaintiffs "had to make a prima facie showing that the challenged statements were both

false and defamatory." *Carver v. Bonds,* 135 Cal.App.4th 328, 344 (Cal. 2005).

Here, Defendant Duff, has no reasonable probability of prevailing on his claim for libel because the necessary elements of libel that the statement be unprivileged cannot be established. Further, the statements are hyperbole and opinion that are not provable assertions of fact, and fall short of actionable defamation.

Although defamation is primarily governed by state law, the First Amendment safeguards for freedom of speech and press limit state law. *New York Times v. Sullivan,* 376 U.S. 254, 264 (1964). Defamation is an invasion of the interest in reputation. See *Smith v. Maldonado,* 72 Cal.App.4th 637, 645 (Cal. 1995) The tort of defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus,* 40 Cal.4th at 720. A defamatory communication may be characterized either as libel (written) or slander (spoken). Civ. Code, §§ 45-46.

### i.     **Plaintiff Okorocha's Web Site Statements Are Privileged**

California's litigation privilege pursuant to Cal.Civ.Code § 47 (b) provides for an absolute privilege to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. See *Mindy's Cosmetics, Inc. v. Dakar,* 611 F.3d 590, 599 (9th Cir. 2010), citing to *Silberg v. Anderson,* 50 Cal.3d 205, 212, (Cal. 1990). The litigation privilege of Civil Code section 47 "is now held applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." *Silberg,* 50 Cal.3d at 212.

Okorocha's post-litigation and pre-litigation statements on a public website have a direct connection and relation to the case that he represented Duff on that is now pending on appeal. *Id.* Pre-litigation statements are held to be privileged. See *Rubin v. Green,* 4 Cal. 4th 1187, 1193-94 (Cal. 1993). Where the protected activity also arises from an underlying litigation, that activity is protected

by the litigation privilege. See *Navarro*, 134 Cal.App.4th 834, 841-42, [Lawsuit filed after alleged fraudulent statements made in unlawful detainer action settlement subject to special motion to strike. accord, *Navellier*, 29 Cal.4th at 85-86, *Dowling v. Zimmerman*, 85 Cal.App.4th 1400, 1420 (2001).

Thus, without going to the content, Okorocha's statements on a public website are privileged and defeat a defamation action as a matter of law. Where the act is privileged, plaintiff cannot show a probability of prevailing]; *Navarro*, 134 Cal.App.4th at 843-844.

ii.      **Plaintiff Okorocha's Web Site Statements Are Non-Actionable Hyperbole and Opinion That Are Not "Provably False Factual Assertions"**

Even if not privileged, the alleged defamatory statements that Duff is a former client who "is stalking me", "idiot", "deranged drug-addict," "couple sandwiches short of a picnic" a "lunatic with a fried brain." are statements that amount to nothing short of hyperbole, opinion, and statements that cannot be shown to be provably false, and do not rise to the level of defamation. Defendant Counterclaim at p. 5.

"[T]he First Amendment places limits on the types of speech that may give rise to a defamation action under state law." *Gilbrook v. City of Westminster*, 177 F.3d 839, 861 (9th Cir. 1999).

Defamatory statements must not only be false and unprivileged to constitute defamation, but they must have a "natural tendency to injure" or cause special damage. See *Ringler Assoc. Inc. v. Md. Cas. Co.*, 80 Cal.App.4th 1165, 1179 (Cal. 2000). It is also well-settled that hyperbole and opinions cannot form the basis for a defamation claim. See *Milkovitch v. Lorain Journal Co.*, 497 U.S. 1, 19-20(1990), accord, *Underwager v. Channel 9 Australia*, 69 F.3d 361, 366 (9th Cir. 1995), "The First Amendment shields "statements of opinion on matters of public concern that do not contain or imply a provable factual assertion." Whether a statement is an assertion of fact or opinion is a question of law for the court. See *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1193 (9th Cir. 1989); *Baker v. Los Angeles Herald Examiner*, 42 Cal.3d 254, 260 (Cal. 1986). This determination involves a simple test.

To determine whether a statement implies a factual assertion, we examine the totality of the circumstances in which it was made. First, we look at the statement in its broad context, which includes the general tenor of the entire work, the subject of the statements, the setting, and the format of the work. Next we turn to the specific context and content of the statements, analyzing the extent of figurative or hyperbolic language used and the reasonable expectations of the audience in that particular situation. Finally, we inquire whether the statement itself is sufficiently factual to be susceptible of being proved true or false. See *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1994).

Courts have frequently found certain similar terms suggestive of name calling, exaggeration, ridicule, imaginative expression, or subjective evaluation, and not assertions or implications of provable facts. As such, in *Lieberman v. Fieger,* 338 F.3d 1076 (9th Cir. 2003), attorney Jeffrey Fieger's comments on television that expert witness Dr. Carole Lieberman was "mentally unbalanced"; "crazy"; "a terrible witness who was disliked by the jury"; "one of the Looney Tunes"; and "one of the nuts growing on trees in California was not that far off". All of these statements were held to be hyperbole and opinion, none of which could be proven true or false, and were thus not defamation. *Id.* at 1081.

Directly on all fours is the case of *Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, (N.D. Cal. 1999). In *Nicosia*, an author sued for slander and libel in connection with statements that De Rooy published on her website about Nicosia on her web-site. including calling him a killer, an embezzler, a criminal, a fraud, a perjurer, and a liar, and, in particular, De Rooy has stated: "Gerald Nicosia is to the Beats (and Jan) what Charles Manson was to the hippies. Virtually everyone I've interviewed over the 17 months, including disinterested third parties, has said the same thing: Gerald Nicosia killed Jan Kerouac." *Id.* at 1096. De Rooy filed a motion to dismiss and motion to strike based upon the statements being privileged, and opinion and hyperbole not rising to the level of defamation. The court found that all of these statements were not provable assertions of fact, but were opinion and hyperbole that did not arise to defamation. *Id.* at 1102--07. The court granted both the motion to dismiss and motion to strike. *Id.* at 1109-11.

In *Vogel*, the web site authors posted comments of "top-ranking dumb asses".

1  The plaintiff was described as being a "deadbeat dad" who "owed thousands" to his wife and
2  children; and was "Bankrupt, Drunk, and Chewin' tobaccy"; all opinion and hyperbole that could
3  not survive application of the rule that in order to support a defamation claim, the challenged
4  statement must be found to convey "a provably false factual assertion." *Vogel,* 127 Cal.App.4th
5  at 1020, citing to *Moyer v. Amador Valley J. Union High School Dist*. 225 Cal. App. 3d 720, 724
6  (Cal. 1990), accord, *Franklin v. Dynamic Details, Inc*., 116 Cal.App.4th 375, 385 (Cal. 2004).

7       If the meaning conveyed cannot by its nature be proved false, it cannot support a libel
8  claim. See *Sommer v. Gabor* 40 Cal.App.4th 1455, 1475-1476 (Cal. 1995). See also *Nicosia,* 72
9  F. Supp. 2d at 1101, (readers less likely to view statements made as part of heated debate
10 concerning a "bitter legal dispute" as assertions of fact); *Dominion Branch No. 496, Nat'l Ass'n of*
11 *Letter Carriers v. Austin*, 418 U.S. 264, 284-85 (1974) (statement calling plaintiffs "traitors" not
12 libelous when context showed used figuratively); *Greenbelt Coop. Publ'g Ass'n v. Bresler*, 398 U.S.
13 6, 14 (1970) (word "blackmail" no more than "rhetorical hyperbole").

14      Moreover, the fact that the statements made about Defendant Duff were made on an
15 internet blog gives less deference to their literal nature. See *Sandals Resorts Int'l, Ltd v. Google,*
16 *Inc*., 925 N.Y.S. 2d 407, 415-16, 86 A.D. 3d 32, 43-44 (N.Y. App. Div. 2011) (noting that the
17 "low barrier to speaking online allows anyone with an Internet connection to publish his
18 thoughts, free from the editorial constraints that serve as gatekeepers for most traditional media
19 of disseminating information [] [o]ften result[ing] in speech characterized by grammatical and
20 spelling errors, the use of slang, and, in many instances, an overall lack of coherence"; observing
21 that readers give less deference to allegedly defamatory remarks published on online message
22 boards, chat rooms, and blogs, than to similar remarks made in other contexts) (internal
23 quotation omitted); accord, *Nicosia*, 72 F. Supp. 2d at 1101, (statements made on personal
24 website and through online discussion group less likely to be seen as assertions of fact); *Too*
25 *Much Media, LLC v. Hale*, 206 N.J. 209, 234-35, 20 A.3d 364, 378-79 (N.J. 2011) (noting that
26 "online message boards provide virtual, public forums for people to communicate with each
27 other about topics of interest" and "promote a looser, more relaxed communication style")
28 (internal quotation and brackets omitted).

PLAINTIFF'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE
COUNTERCLAIM PURSUANT TO CAL.CODE CIV. PROC. § 425.16

13

Based upon the content of Plaintiff Okorocha statements about Defendant Duff being hyperbole and opinion that are not "provably false assertions", and they cannot for the basis for a defamation cause of action.

Given that Duff's libel claim is based upon non-actionable statements, his cause of action fails as a matter of law, and is subject to Plaintiff Okorocha's special motion to strike. "An anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or "when no evidence of sufficient substantiality exists to support a judgment for the plaintiff." *Metabolife*, 264 F.3d at 840, citing to *Carson v. Facilities Dev., Co* 36 Cal.3d 830, 838-39 (Cal. 1984).

c.   **Defendant Duff Has No Reasonable Probability of Prevailing on His New Intentional Infliction of Emotional Distress Claim Because it is Based Upon the Alleged Defamation Which is Not Itself Actionable, and the Statements by Plaintiff Okorocha Do Not Constitute "Outrageous Conduct".**

In the Amended Counterclaim, Defendant Duff, alleged that Okorocha's statements on the http://www.avvo.com website, constituted an intentional infliction of emotional distress. These claims are also subject to a motion to strike because they arose from the alleged libel, which is established hereinabove to be not actionable defamation based upon both the litigation privilege and that they are hyperbole and opinion, and also because such statements do not constitute outrageous conduct required to establish intentional infliction of emotional distress.

'[T]o state a cause of action for intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' [Citation.] 'Conduct, to be " 'outrageous' " must be so extreme as to exceed all bounds of that usually tolerated in a civilized society.' "
*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal.App.4th

1228, 1259 (Cal. 2005).

Ordinarily mere insulting language, without more, does not constitute outrageous conduct. The Restatement view is that liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities … . There is no occasion for the law to intervene … where some one's feelings are hurt." *Agarwal v. Johnson*, 25 Cal.3d 932, 946 (Cal. 1979), citing to Rest.2d Torts, § 46, com. d.. This issue may be resolved as a matter of law on the alleged facts. See *Davidson v. City of Westminster,* 32 Cal.3d 197, 210 (1982).

Hence, Defendant Duff's cause of action for intentional infliction of emotional distress arising allegedly from non-actionable statements, and because they do not constitute the requisite outrageous conduct, this claim is also subject to being stricken pursuant to Code Civ.Proc. § 425.16

### III.

### CONCLUSION

Based upon the foregoing, this court must grant Okorocha's special motion to strike and dismiss the counterclaim for libel and infliction of emotional distress arising from the alleged libel.

Dated this 27th  day of June, 2012

_____/S/_____

Natalya Vartapetov, Esq.
Attorney for Plaintiff.

**EXHIBIT A**



OO- Okorie Okorocha< okorie@gmail.com>

## Demand Letter for Okorie

1 message

**PATRICK DUFF**< 101etm@gmail.com>                          Mon, Feb 21, 2011 at 1:07 PM
To: "Okorie Okorocha, Esq" <okorie@gmail.com>, Fran Campbell <fcampbell@campbellfarahani.com>,
PATRICK DUFF <101etm@gmail.com>

Dear Mr. Okorocha,

I am writing this to inform you of my intention to file a legal malpractice lawsuit against yourself. In addition, I will be writing to the Bar association of California to explain your conduct in my criminal case. Judge M.L Villar is also writing a complaint to the bar and sanctioning you for the way you handled my criminal case and disrespected her courtroom.

You have caused me emotional and financial losses due to your complete lack of communication throughout our attorney client relationship. You have postponed court dates, as many as 8 times, due to your own scheduling conflicts and not by my request. You made me come out two different times now from Delaware to Los Angeles for a trial that has never happened. The first time in December, the second in February. You only gave me one day notice before I was supposed to come in December. Since you did not give me proper notice, I could not give proper notice to my employer, and I lost my job because of it.

You also told me you filed a Pitchess motion (that you lied in) that was never actually filed. This is called fraud, and I have the proof, and is highly illegal.

My last court date was scheduled for 2-15-11. Before that date I called and e-mailed you numerous times with no response. Finally, on the day before I was set to come out, I got a hold of your assistant who told me that a continuance had been filed for the 2-15-11 court date. This was after I had already booked a flight to come out, so I came anyway.

Luckily I did come out because I learned that no continuance was ever filed for the 2-15-11 date. I showed up to court on 2-15-11 without you present. You did not call the Clerk to tell them you'd be late nor did you call me, even though I called and texted you numerous times. After I had already spoken with the judge and the city attorney your associate arrived. She arrived 20 minutes after I texted you that I was writing a complaint to the bar. The judge reprimanded her and told her not to be late the next day.

Well, the next day comes, and you still don't show up. Instead you have a person who I have never met come to represent me for you. This was the last straw for myself and the Judge. Your actions have been completely nonprofessional and I, nor anybody else, deserves this type of treatment. At this point I have lost the $4000 I have given you along with the time and money I spent in coming out from Delaware to Los Angeles. The total loss, including time off of work, lost job, and Hotel expense is around $10,000. To avoid a legal malpractice suit I will accept the $10,000 and agree not to file suit against you on these matters. You have until 2-28-11 to either pay in full or deny my request.

Denial of the request will result in me filing a legal malpractice case against yourself. Payment can be made in the amount of $10,000 to Patrick A. Duff to avoid further legal proceedings.

Patrick Duff
302-263-7140

Payment may be mailed to:
238 Ron's Way

**EXHIBIT B**



**OO- Okorie Okorocha< okorie@gmail.com>**

## Extortion
1 message

**PATRICK DUFF** < 101etm@gmail.com>                                    Mon, Mar 7, 2011 at 6:12 AM
To: "Okorie Okorocha, Esq" <okorie@gmail.com>

I think is't the other way around.  Your slanderous comments will be brought to the attention of the Bar and
the Judge.  You think that you are better then everyone you represent when it is quite the opposite with
myself.  You couldn't bamboozle me and that pissed you off.  See you in court.

Patrick

**EXHIBIT C**



**OO- Okorie Okorocha< okorie@gmail.com>**

## Avvo remarks?
4 messages

**PATRICK DUFF**< 101etm@gmail.com>                          Mon, Aug 15, 2011 at 9:15 PM
To: "Okorie Okorocha, Esq" <okorie@gmail.com>

**Update**
Posted by: Patrick, a Criminal Defense client. 6 days ago.

| | | |
|---|---|---|
| **Overall rating** | ✂ 1 star rating | **Poor** |
| Trustworthy | ✂ 1.0 star rating | Poor |
| Responsive | ✂ 1.0 star rating | Poor |
| Knowledgeable | ✂ 1.0 star rating | Poor |
| Kept me informed | ✂ 1.0 star rating | Poor |

- **I do not recommend** Okorie Okorocha.
- I used Okorie **6-12 months ago.**
- Okorie handled my **Criminal Defense** matter.
- I have previously worked with **6-10** lawyers.

**Client Review:**

Just to let everyone know, including Okorie, I got a public defender to take my criminal case that Okorie wanted me to take a crappy plea deal to and I was acquitted on all the major charges. The only charge that stuck will be won on appeal. My sentence on the charge was three times less severe then the plea deal Okorie told me I was an idiot if I didn't take.



Okorie Okorocha
Posted 6 days ago.
**Lawyer's Comment:** This is idiot who will not go to a psychiatrist or is not taking his medicine has now posted another negative review. Please go back to the psychiatrist. I will pay for it.



Okorie Okorocha
Posted 6 days ago.
**Lawyer's Comment:** This is idiot who will not go to a psychiatrist or is not taking his medicine has now posted another negative review. Please go back to the psychiatrist. I will pay for it.

Why not just pay me back the money I paid to you, or a portion of it? Slander against me will not help your cause. I have saved all of our e-mails and the slanderous comments you made about me on Avvo before you erased them last time. I will be making a web page to show what type of service you provide, and comments you make about your clients. People deserve to know that you don't offer a money back guarantee for those unsatisfied, and slander those who are unsatisfied if they attempt to get their money back. I don't know what I did to you to have you claim I need a psychiatrist, could you explain what I did to deserve this? I was found NOT GUILTY of the main charges in the case. The only thing

**EXHIBIT D**


Gmail - I asked for a refund...

**OO- Okorie Okorocha< okorie@gmail.com>**

---

## I asked for a refund...
1 message

---

**PATRICK DUFF**< 101etm@gmail.com>                     Mon, Feb 21, 2011 at 3:29 PM
To: "Okorie Okorocha, Esq <okorie@gmail.com>

Why wasn't I given one?  This is what you say on AVVO:  "If someone has something to say and does not leave their name it is hard to respond. I represent people who are Judges/Commissioners, lawyers, doctors, government employees with security clearances and their families. I also give full refunds to anyone unhappy."

My name is Patrick Duff, there, I said it.

Patrick Duff

                          OO- Okorie Okorocha< okorie@gmail.com>

## Avvo remarks?
4 messages

**PATRICK DUFF**< 101etm@gmail.com>                    Mon, Aug 15, 2011 at 9:15 PM
To: "Okorie Okorocha, Esq" <okorie@gmail.com>

**Update**
Posted by: Patrick, a Criminal Defense client, 6 days ago.

| Overall rating | ✂ 1 star rating | Poor |
|---|---|---|
| Trustworthy | ✂ 1 0 star rating | Poor |
| Responsive | ✂ 1 0 star rating | Poor |
| Knowledgeable | ✂ 1 0 star rating | Poor |
| Kept me informed | ✂ 1 0 star rating | Poor |

- **I do not recommend** Okorie Okorocha.
- I used Okorie **6-12 months ago**.
- Okorie handled my **Criminal Defense** matter.
- I have previously worked with **6-10** lawyers.

**Client Review:**
Just to let everyone know, including Okorie, I got a public defender to take my criminal case that Okorie wanted me to take a crappy plea deal to and I was acquitted on all the major charges. The only charge that stuck will be won on appeal. My sentence on the charge was three times less severe then the plea deal Okorie told me I was an idiot if I didn't take.

 Okorie Okorocha
Posted 6 days ago.
**Lawyer's Comment:** This is idiot who will not go to a psychiatrist or is not taking his medicine has now posted another negative review. Please go back to the psychiatrist. I will pay for it.

 Okorie Okorocha
Posted 6 days ago.
**Lawyer's Comment:** This is idiot who will not go to a psychiatrist or is not taking his medicine has now posted another negative review. Please go back to the psychiatrist. I will pay for it.

Why not just pay me back the money I paid to you, or a portion of it?  Slander against me will not help your cause.  I have saved all of our e-mails and the slanderous comments you made about me on Avvo before you erased them last time.  I will be making a web page to show what type of service you provide, and comments you make about your clients.  People deserve to know that you don't offer a money back guarantee for those unsatisfied, and slander those who are unsatisfied if they attempt to get their money back.  I don't know what I did to you to have you claim I need a psychiatrist, could you explain what I did to deserve this?  I was found NOT GUILTY of the main charges in the case.  The only thing

I was found guilty of was a question of the free speech. I didn't assault any cops, nor threaten any person who I was claimed of threatening. From the interaction we have had I can tell you that you seem to be the one in need of some psychiatric help, of which I already pre-paid for other services you did not provide.

Patrick Duff

---

**OO - Okorie Okorocha**< okorie@gmail.com>                    Mon, Aug 15, 2011 at 9:37 PM
Reply-To: okorie@gmail.com
To: Patrick Duff <101etm@gmail.com>

You put TWO reviews on AVVO illegally using TWO avvo accounts to say negative things about. This is clearly against the policies you agreed to when opening an account. You cheat to harm me and you want me to pay you money for that.

That is the reason you want money.

Do you really think I would give you money for doing that?

How is that worth anything?


Sent via BlackBerry from T-Mobile

Kind Regards,

Okorie Okorocha
(Email: OO@Bullcoming.com)
Civil Rights
Employment Law
DUI (Expert Witness Only)


Lawyers: Always let me know if I can ever help you with anything, pleadings, documents, articles, "word on the street," etc., I save everything.

Contact Info:

California Legal Team
117 E. Colorado Blvd., Suite 465
Pasadena, Ca 91105

www.WorkersProtection.com

Cell - Text - Whatever: (310) 871-3217
toll free: 800 285 1763
toll free Fax: 888 286 1840

---

**From:** PATRICK DUFF <101etm@gmail.com>
**Date:** Mon, 15 Aug 2011 21:15:50 -0700
**To:** Okorie Okorocha, Esq<okorie@gmail.com>
**Subject:** Avvo remarks?
[Quoted text hidden]

---

**PATRICK DUFF** < 101etm@gmail.com>                           Mon, Aug 15, 2011 at 9:54 PM



**OO- Okorie Okorocha< okorie@gmail.com>**

## More Slander
1 message

**PATRICK DUFF** < 101etm@gmail.com>                          Tue, Aug 16, 2011 at 12:07 PM
To: PATRICK DUFF <101etm@gmail.com>, "Okorie Okorocha, Esq" <okorie@gmail.com>, Fran Campbell
<fcampbell@campbellfarahani.com>

Posted about 10 hours ago.

**Lawyer's Comment:** Patrick is a deranged drug addict and lunatic with a fried brain who wants me to pay him money to stop
these false reviews. I cannot pay the extortion fee because I could pay once, but he would just do this again the next time he needed
more drugs. He is a drug dealer and user and will do anything he can to harm others he blames for his mental illness and lunacy.



OO- Okorie Okorocha< okorie@gmail.com>

---

## Slander Evidence
1 message

---

**PATRICK DUFF**< 101etm@gmail.com>                                    Tue, Aug 16, 2011 at 6:37 AM
To: PATRICK DUFF <101etm@gmail.com>, "Okorie Okorocha, Esq" <okorie@gmail.com>, Fran Campbell <fcampbell@campbellfarahani.com>



Okorie Okorocha
Posted about 4 hours ago.

**Lawyer's Comment:** Patrick is now stalking me and threatening to keep posting false reviews if I do not pay a ransom to him. AVVO should not let him review me twice. One review from a deranged psychotic drug addict whose brain is so fried from all the drugs that FOUR different lawyers believed he was a couple sandwiches short of a picnic is one thing... But he should not be able to post a review for each one of his multiple personalities.

To: okorie@gmail.com

I wanted good service, you didn't give me that.  You made claims on avvo.com that you give give money back to those unsatisfied.  I am clearly unsatisfied, yet you only offered slanderous comments on a public website, not a refund of any kind.  You have stated twice that I need some type of mental help in a public forum.

This is nothing compared to you having me come out twice for a trial that you never did once ounce of investigation for.  I had to spend thousands of dollars on hotels and plane tickets for a trial you never intended on happening.  Why would you have me fly out two different times if you were not ready for trial?

I have never asked you to "pay me money", I asked for a refund for services not provided.

What do you think about the fact that a public defender did your job better then you in this case?  Don't you take any pride in your work?

[Quoted text hidden]

---

**PATRICK DUFF< 101etm@gmail.com>**                                   Mon, Aug 15, 2011 at 9:59 PM
To: okorie@gmail.com

PS:  I didn't make two accounts for avvo.com and I clearly mention that it was an update from a previous post.  If anyone did anything that should be considered illegal on a web-site to rate services, it's you, by berating myself and anyone else who dared to speak their mind about the service you offer.  If you take things so personally, why not make yourself less a much happier person and personally take the time to fix your mistakes rather then have them linger like an open wound?

On Mon, Aug 15, 2011 at 9:37 PM, OO - Okorie Okorocha <okorie@gmail.com> wrote:
[Quoted text hidden]

**EXHIBIT E**



**OO- Okorie Okorocha< okorie@gmail.com>**

---

## New site!

2 messages

---

**PATRICK DUFF** < 101etm@gmail.com>                                   Mon, May 14, 2012 at 8:40 PM
To: OO- Okorie Okorocha <okorie@gmail.com>

http://okorieokorocha.com/

It's not for sale anymore.

---

**OO - Okorie Okorocha**< okorie@gmail.com>                            Mon, May 14, 2012 at 10:12 PM
To: Gene new email Moran new email <genemoran@socal.rr.com>

Sent from my iLynx®

Please note new Email address:
Email: OO@OOESQ.COM

Okorie Okorocha
DUI/Toxicology Expert Witness
Nationally Board Certified Trial Lawyer
Email: OO@OOESQ.COM
Cell/Text: (310) 871-3217

Begin forwarded message:

> **From:** PATRICK DUFF <101etm@gmail.com>
> **Date:** May 14, 2012 8:40:09 PM PDT
> **To:** OO- Okorie Okorocha <okorie@gmail.com>
> **Subject: New site!**
>
> http://okorieokorocha.com/
>
> It's not for sale anymore.

---

**EXHIBIT F**



**Patrick Duff**

**From:** "PATRICK DUFF" <101etm@gmail.com>
 **To:** NVarta@yahoo.com

What are you two thinking?  I am going to the media with this.  Look for the story tomorrow.

Patrick

**EXHIBIT G**

# LAW OFFICES OF
# NATALYA VARTAPETOV

3940 Laurel Canyon Blvd., Ste 1038                         TELEPHONE (818) 232-3190
Studio City, Ca 91604                                      FACSIMILE  (818) 232-3194

May 28, 2012

Patrick Duff
101etm@gmail.com

Re:     **Okorocha v. Duff**

Mr. Duff:

I am in receipt of your numerous messages and email where you indicated about your intentions of filing a counterclaim against my client in federal court on the pending cybersquatting claim that my client filed against you.

I am quiet confused about what is it that you are trying to accomplish.  It is undisputed that you have purchased a domain name **okorieokorocha.com** using my client's real name without his consent in an attempt to defame him.  The only question remains is how much are you seeking in order to transfer the ownership of the domain name to my client?

I need to understand where you are coming from and what is the amount you are seeking so that I can see into the possibly of resolving the dispute.

Regards,
Natalya Vartapetov, Esq.

1

# EXHIBIT H

 **MAIL** Classic

**Fwd: Demand Letter for Okorie**

Thursday, May 31, 2012 5:32 PM

**From:** "PATRICK DUFF" <101etm@gmail.com>
  **To:** "Natalya Vartapetov, Esq." <nvarta@yahoo.com>

---------- Forwarded message ----------
From: **PATRICK DUFF** <101etm@gmail.com>
Date: Mon, Feb 21, 2011 at 1:07 PM
Subject: Demand Letter for Okorie
To: "Okorie Okorocha, Esq" <okorie@gmail.com>, Fran Campbell <fcampbell@campbellfarahani.com>,
PATRICK DUFF <101etm@gmail.com>

Dear Mr. Okorocha,

I am writing this to inform you of my intention to file a legal malpractice lawsuit against yourself. In addition, I will be writing to the Bar association of California to explain your conduct in my criminal case. Judge M.L Villar is also writing a complaint to the bar and sanctioning you for the way you handled my criminal case and disrespected her courtroom.

You have caused me emotional and financial losses due to your complete lack of communication throughout our attorney client relationship. You have postponed court dates, as many as 8 times, due to your own scheduling conflicts and not by my request. You made me come out two different times now from Delaware to Los Angeles for a trial that has never happened. The first time in December, the second in February. You only gave me one day notice before I was supposed to come in December. Since you did not give me proper notice, I could not give proper notice to my employer, and I lost my job because of it.

You also told me you filed a Pitchess motion (that you lied in) that was never actually filed. This is called fraud, and I have the proof, and is highly illegal.

My last court date was scheduled for 2-15-11. Before that date I called and e-mailed you numerous times with no response. Finally, on the day before I was set to come out, I got a hold of your assistant who told me that a continuance had been filed for the 2-15-11 court date. This was after I had already booked a flight to come out, so I came anyway.

Luckily I did come out because I learned that no continuance was ever filed for the 2-15-11 date. I showed up to court on 2-15-11 without you present. You did not call the Clerk to tell them you'd be late nor did you call me, even though I called and texted you numerous times. After I had already spoken with the judge and the city attorney your associate arrived. She arrived 20 minutes after I texted you that I was writing a complaint to the bar. The judge reprimanded her and told her not to be late the next day.

Well, the next day comes, and you still don't show up. Instead you have a person who I have never met come to represent me for you. This was the last straw for myself and the Judge. Your actions have been completely nonprofessional and I, nor anybody else, deserves this type of treatment. At this point I have lost the $4000 I have given you along with the time and money I spent in coming out from Delaware to Los Angeles. The total loss, including time off of work, lost job, and Hotel expense is around $10,000. To avoid a legal malpractice suit I will accept the $10,000 and agree not to file suit against you on these matters. You have until 2-28-11 to either pay in full or deny my request.

Denial of the request will result in me filing a legal malpractice case against yourself. Payment can be made in

Fwd: Demand Letter 2008 Sheriff Mahon - Yahoo! Mail

Case 2:12-cv-04248-SJO-FFM Document 11   Filed 06/27/12   Page 42 of 60   Page 2 of 2
#:86

the amount of $10,000 to Patrick A. Duff to avoid further legal proceedings.

Patrick Duff
302-263-7140

Payment may be mailed to:
238 Ron's Way
Smyrna, DE 19977

---

**EXHIBIT I**

 **MAIL** Classic

### Demand Letter (NVarta@yahoo.com)

Thursday, May 31, 2012 5:34 PM

**From:** "PATRICK DUFF (Google Docs)" <101etm@gmail.com>
**To:** NVarta@yahoo.com
1 File (4KB)



Untitled d...

📄  Attached: Untitled document

**Message from 101etm@gmail.com:**

Attached is a demand letter to avoid more actions being filed against your client.  Please respond ASAP.

Google Docs makes it easy to create, store and share online documents, spreadsheets and presentations.



Dear Ms. Vartapetov,

I am in receipt of your letter dated May 28th 2012 where you ask what price is being sought for the URL in question.  As I stated in my email, the URL www.okorieokorocha.com is not for sale.

This letter is to inform you of the intent to file several separate actions against your client for the problems I talk about on the URL in question.  I have sent a letter of demand, some time back, to your client that I will forward to you so you can see that my intent has not changed for the problems your client caused me.

The previous offer to settle is still good if accepted by your client before 6-5-12 at 2pm.  The amount requested of $10,000 is only for the damages incurred from your client' breach of contract and breach as my fiduciary.

This offer to settlement offer does not include the current federal actions your client and myself have pending in case # CV12-04248.  If your client would like to reach a settlement on the separate causes of action involved in the federal case pending, we can discuss a remedy, but this offer is only to avoid a breach of contract and breach of fiduciary lawsuit I intend to file against your client.

I will be waiting for your response.  If none is received by the date and time stated, and no settlement is made, I will be forced to file these separate actions against your client.

Payment can be made to Patrick Duff at 221 N. Keystone Street, Burbank CA 91506.

Regards,
Patrick Duff

**EXHIBIT J**

 MAIL Classic

**You haven't replied?**                                     Tuesday, June 5, 2012 10:39 PM

From:  "PATRICK DUFF" <101etm@gmail.com>
  To:  "Natalya Vartapetov, Esq." <NVarta@yahoo.com>
       1 File (55KB)



Answerto...

You have not replied so the new counterclaims will be filed tomorrow for the breach of contract and breach of fiduciary duty.  I have attached the 1st amended answer with the counter claims.  This one I had some help with this one....

**INTRODUCTION**

This case is a completely frivolous action brought by the Plaintiff, an attorney, in order to chill free speech and is a clear example of why the Federal Courts and Congress need to adopt Anti-SLAPP regulations.

**ANSWER TO COMPLAINT**

1. Defendant denies any acts alleged in paragraph 1.

2. Defendant does not possess the knowledge to answer allegations in paragraph 2.

3. Defendant admits to being and individual, but has no knowledge of the other allegations in paragraph 3.

4. Defendant admits to being a former client of Plaintiff and admits to being disgruntled with services provided as alleged in paragraph 4.

5. Defendant admits to forwarding URL address to Plaintiff on May 14th, Defendant also admits to registering URL in defendants real name and address and utilizing the URL to complain about poor services provided by the Plaintiff as alleged in paragraph 5.

6. Defendant admits to the specific facts as alleged in paragraph 6.

7. Defendant alleges and incorporates paragraphs 1-6 of this answer as it pertains to allegations in paragraph 7 of the complaint.

8. Defendant admits to registering URL  ororieokorocha.com, Defendant also admits to being unhappy with legal services as alleged in paragraph 8.  Defendant denies using the exact name of Okorie Chukwudimm Okorocha as alleged in paragraph 8 for the URL okorieokorocha.com, Defendant left out "Chukwudimm" from URL in question.

9(a).  Defendant denies using the exact name of Okorie Chukwudimm Okorocha as alleged in

9(a) Defendant denies attacking the commerce of the Plaintiff as alleged in paragraph 9(a).

9(b).  Defendant denies allegations in paragraph 9(b) of deceiving , attempting to confuse, or

using false or misleading representations as alleged in paragraph 9(b).  Defendant also denies

that Plaintiff gives competent legal services as alleged in paragraph 9(b).

10.  Defendant denies needing permission to create URL okoriepokorocha.com as alleged in

paragraph 10.

11.  Defendant denies that he has not made a bona fide fair use Plaintiffs legal name as alleged in

paragraph 11.

12.  Defendant denies every allegation of cybersquatting as alleged in paragraph 12.

13  Defendant denies that this case is entitled to attorneys fees as alleged in paragraph 13.

14.  Defendant alleges and incorporates all facts and answers expressed in paragraphs 1-13 of

this answer as pertains to allegations in paragraph 14.

15  Defendant denies being a cybersquatter and denies disparaging Plaintiffs legal services,

Defendant admits the website has been seen by a minimum of a single third party as alleged in

paragraph 15.

16.  Defendant denies statements made on okorieokorocha.com are false as alleged in paragraph

16.

17.  Defendant denies statements on website are not protected as alleged in paragraph 17.

18.  Defendant denies allegations as alleged in paragraph 18.

19. Defendant has no knowledge of allegations in paragraph 19.

## AFFIRMATIVE DEFENSES

## FIRSTAFFIRMATIVE DEFENSE: TRUTH

Defendant alleges and believes that the Plaintiff's complaint does not include proper

cause of action.  It is deficient in stating any of the 9 key elements used in determining the much

needed element of "bad faith"  in Title 15 U.S.C 1125 used in identifying a cybersquatter from a

legitimate fair use.  No facts are given nor do any exist to substantiate the required element under

Title 15 U.S.C. 1125 of seeking to profit in "bad faith"from the registration of the URL

okorieokorocha.com.

No bad faith can be found where no profit or commercial gain has been sought and the

site is used strictly as a tool to air ones gripes, as is the case in this action.  Defendant in this

action is a citizen of the U.S.A and is afforded the right to free speech as granted by our founding

Fathers, and what Defendant says on okorieokorocha.com is truth and or opinion.  Defendant did

not hide his identity; in fact he provided truthful contact information on the URL in question, as

stated in Plaintiffs complaint.   All statements made by Defendant on URL

okorieokorocha.com are either opinion or facts as the defendant knows them to be and are

considered protected speech.

## SECOND AFFIRMATIVE DEFENSE: FAIR USE

Plaintiffs complaint lack sufficient grounds for cybersquatting 15 U.S.C.

1125 considering the type of use by the Defendant of the URL is considered to be a "fair

use". Title 15 U.S.C 1125 was specifically set up to protect "Trademarks" and their holders, not

individuals seeking to quell free speech from individuals unhappy with their services such as the

Plaintiff is doing in this action.  The use of the URL in question is simply to tell a story, and not

to deceive or compete in any fashion, making the use of the URL a completely legal and fair use.

No competing services are offered, and in fact, nothing is for sale or advertised that could be

considered to be competition to the Plaintiff's legal trade.  Title 15 U.S.C 1125 (3) states:

"Exclusions: The following shall not be actionable as dilution by blurring or dilution by
tarnishment under this subsection:"  "section A) Any fair use, including a nominative or
descriptive fair use, or facilitation of such fair use, of a famous mark by another person other
than as a designation of source for the person's own goods or services, including use in
connection with—(i) advertising or promotion that permits consumers to compare goods or
services; or(ii) identifying and parodying, **criticizing**, or **commenting upon** the famous mark
owner or the goods or services of the famous mark owner""(C) Any **noncommercial** use of a
mark."

Defendant is merely criticizing his former attorney for the services and there is no

commercial use of this site.  Defendant has not sought to profit from the site, there are no

advertisements and there has been no offer to sell the site to the Plaintiff for an inflated cost, nor

did the Plaintiff state such in his original complaint. This is a clear case of an attorney using the

courts to quell free speech through the use of a fraudulent action and a person using a website in

a way considered to be a "fair use" in every single sense as it pertains to the free speech we enjoy

in this nation.

## THIRD AFFIRMATIVE DEFENSE

## UNCLEAN HANDS

Plaintiff knowingly filed this suit without proper merit in an unethical manner in order to gain personally.  The Plaintiff, a member of the California Bar Association, filed this action to chill the Defendant's first amendment rights and therefore Plaintiff has "unclean hands" plaintiff is acting with poor ethics or has acted in "Bad faith" with respect to the subject of this Complaint, that is, with "unclean hands".


## FORTH AFFIRMATIVE DEFENSE

## FAILURE TO STATE A CAUSE OF ACTION


Plaintiffs claim fails to state a sufficient cause of action under Title 15 U.S.C. 1125.


## FITFH AFFIRMATIVE DEFENSE

## LACK OF STANDING


Plaintiffs lack standing to assert claims under Title 15 U.S.C. 1125 and Title 15 U.S.C. 1117.


## SIXTH AFFIRMATIVE DEFENSE

## UNJUST ENRICHMENT

The doctrine of unjust enrichment bars Plaintiffs claims in whole or in part.

### SEVENTH AFFIRMATIVE DEFENSE

### WAIVER

Plaintiffs waived the claims alleged in the complaint by their conduct, by their acts and or by their omissions to act.

### **COUNTER CLAIM**

### **LIBEL**

1. Plaintiff posted remarks about defendant on the website avvo.com on more then one occasion.  Making allegations about defendant that are baseless and untrue.  Listed here are just three examples of Plaintiffs remarks from the site avvo.com.

A. "This is idiot who will not go to a psychiatrist or is not taking his medicine has now posted another negative review. Please go back to the psychiatrist. I will pay for it.

B "Patrick is now stalking me and threatening to keep posting false reviews if I do not pay a   ransom to him. AVVO should not let him review me twice. One review from a deranged psychotic drug addict whose brain is so fried from all the drugs that FOUR different lawyers believed he was a couple sandwiches short of a picnic is one thing... But he should not be able to post a review for each one of his multiple personalities."

C. "Patrick is a deranged drug addict and lunatic with a fried brain who wants me to pay him money to stop these false reviews. I cannot pay the extortion fee because I could pay once, but he would just do this again the next time he needed more drugs. He is a drug dealer and user and will do anything he can to harm others he blames for his mental illness and lunacy." HYPERLINK    "http://www.avvo.com/answers/771432/comments/new"    \t    "_blank" http://www.avvo.com/answers/771432/comments/new

2. Defendant alleges and believes that these comments were written in response to a legitimate review Defendant wrote on avvo.com about Plaintiff's services.

3. Defendant denies each and every allegation made by Plaintiff in the remarks made on avvo.com by the Plaintiff and seeks redress from the court for this cause of action.

4. The comments made by Plaintiff about the Defendant were seen by at least a third party and are defamatory in their nature. Defendant requests $25,000 in damages along with punitive damages to be proven at trial.

## BREACH OF CONTRACT

5. Defendant and Plaintiff entered into a legal contract where Plaintiff was hired as criminal counsel and was obligated to "attend all court appearances". Plaintiff in this counter claim did not "attend all court appearances" and Defendant was forced to seek other counsel when Plaintiff did not show up for trial and Plaintiff was relieved by Judge Villar on 2-16-2011 in courtroom 56.

6. Defendant paid $4000 to Plaintiff for services not rendered such as "investigation", "representation at all necessary motions" and "keeping client informed" and Defendant can prove such through emails.

7. Defendant in this case, a previous resident of the State of Delaware, had an agreement with Plaintiff to only have to come out when the trial was to happen.

8. Plaintiff broke this agreement, along with the written contract, by forcing defendant to come from Delaware to California that the Plaintiff was not prepared for and never happened.

9.  Plaintiff agreed "services are only complete when case is resolved".  Plaintiff was relieved before trial and was not the attorney of record who "resolved" this case the contract was signed for, thus not completing Plaintiffs contractual duties, breaching the contract agreed to by the Defendant and Plaintiff.

10.  Plaintiff breached several aspects of the contract, including lying on motions without the consent of Defendant, causing real damage that the Defendant seeks redress from the court for and damages in the amount of $50,000 for this cause of action.

## BREACH OF FIDUCIARY RESPONSIBILITY

11.  Plaintiff breached his fiduciary responsibility to defendant by forcing him to fly from Delaware to California for a trial he never intended on having and not openly communicating the status of Defendants case.

12.  Defendant flew from Delaware at the Plaintiffs request for a criminal trial that the Plaintiff was knowingly not prepared to have, two separate times, and postponed the case numerous times without any justification.

13.  This breach caused emotional distress on the Defendant and his entire family by forcing Defendant to spend thousands of dollars for two separate trips that were only necessary due to the negligence of the Plaintiff.

14.  Defendant put his trust in Plaintiff to act in his best interests as his fiduciary and was

hurt as such.  Real damages and punitive damages should be awarded for the negligent

handling of the fiduciary responsibility the Plaintiff took an oath to uphold.

15.  Defendant was damaged directly due to Plaintiffs complete lack of communication as

Defendants fiduciary. Defendant seeks $25,000 for this separate cause of action along with

punitive damages to be proven at trial.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16.  Defendant alleges and incorporates claims 1-15 of the cross complaints          as it

pertains to Intentional infliction of emotional distress suffered by the Defendant at the hands

of the Plaintiff.

17.  Defendant alleges and believes that the Plaintiff posted remarks about defendant on

the website  avvo.com on more than one occasion making allegations about defendant that

are baseless and untrue.  Listed here are just three examples of Plaintiffs remarks from the

site

A. "This is idiot who will not go to a psychiatrist or is not taking his medicine has now posted another negative review. Please go back to the psychiatrist. I will pay for it.

B  "Patrick is now stalking me and threatening to keep posting false reviews if I do not pay a    ransom to him. AVVO should not let him review me twice. One review from a deranged psychotic drug addict whose brain is so fried from all the drugs that FOUR different lawyers believed he was a couple sandwiches short of a picnic is one thing... But he should not be able to post a review for each one of his multiple personalities."

C. "Patrick is a deranged drug addict and lunatic with a fried brain who wants me to pay him money to stop these false reviews. I cannot pay the extortion fee because I could pay once, but he would just do this again the next time he needed more drugs. He is a drug dealer and user and will do anything he can to harm others he blames for his mental illness and lunacy." HYPERLINK        "http://www.avvo.com/answers/771432/comments/new"        \t        "_blank" http://www.avvo.com/answers/771432/comments/new

18.  These comments were written by the Plaintiff in response to a review Defendant wrote on avvo.com about Plaintiff's services.  Defendant denies each and every allegation made by Plaintiff in those remarks and seeks redress from the court for this cause of action.

19.  Defendant alleges and believes that the comments made by Plaintiff about the Defendant were seen by at least a third party and are defamatory in their nature.

20.  The statements written about the Defendant by the Plaintiff have caused emotional distress and have damaged the Defendant.  Defendant requests punitive damages be awarded, or not, as a judge or jury deem fit on this cause of action.

## OTHER CLAIMS

21.  Defendant leaves other claims unrelated to the instant action open for an amended cross-complaint and or another separate action in this court or whichever venue claims need relief sought from.

## REQUEST FOR RELIEF

Wherefore Defendant prays for such relief as follows_____

A) For dismissal of Plaintiffs action with prejudice.

B)  For a jury trial for the counterclaims of Defendant.

C)  For punitive and real damages of $100,000 suffered by Defendant.

D)  For an investigation into the actions of the attorneys involved in filing this frivolous action.

E)  For an order that Plaintiff shall take no further relief from complaint.

F)  For any other relief the court deems necessary.


## **JURY DEMAND**

34.  Defendant hereby demands a jury trial pursuant to Fed.R.Civ.P.38(b)

June 2, 2012

Patrick Duff

_____

Defendant Pro Per

1

2

3

4

5

6

7

8

**EXHIBIT K**

Gmail - I see you are listed as attorney of record.    Page 1 of 1

Case 2:12-cv-04248-SJO-FFM   Document 11    Filed 06/27/12    Page 60 of 60    Page ID #:104



**OO- Okorie Okorocha< okorie@gmail.com>**

## I see you are listed as attorney of record.
1 message

**PATRICK DUFF**< 101etm@gmail.com>                                    Wed, Jun 6, 2012 at 11:53 PM
To: OO- Okorie Okorocha <okorie@gmail.com>

I am writing you this letter to you to inform you that I plan to file an amended cross complaint to include a couple of new causes of action.  Your current attorney refuses to return any emails or answer any question posed by myself.  I am acting in the same capacity as yourself, pro per.  We should set some time to discuss the matters at hand in order to seek some type of resolution.

If you intend to resolve this matter, we can discuss legitimate costs incurred by both sides to figure out the best remedy for the offenses you have committed against myself, and then figure out a way to remedy the situation without further legal action.  I have not filed my amended complaint as of yet, and look forward to resolving this matter in the hopes the complaint sent to your co-counsel does not have to be filed.

You can reach me at 856-203-0518

Patrick Duff