LINK: 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4248 GAF (SPx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | Okorie Okorocha v. Patrick Duff et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

**ORDER RE: ANTI-SLAPP MOTION TO STRIKE**

**I.
INTRODUCTION & BACKGROUND**

On May 16, 2012, Okorie Okorocha filed a complaint against his former client, Patrick Duff, seeking injunctive relief on two grounds: (1) violation of the Anti-Cybersquatting Consumer Protection Act pursuant to 15 U.S.C. § 1125(a)(2); and (2) trade libel. (Docket No. 1 [Compl.].) In response, Duff brought counterclaims for libel, breach of contract, breach of fiduciary responsibility, and intentional infliction of emotional distress. (Docket No. 10 [Am. Answer].) Duff originally filed these counterclaims on June 20, 2011. (Id.) However, when Duff failed to respond to Okorocha's First Motion to Dismiss and First Motion to Strike within the appropriate time limits, this Court dismissed his Counterclaim with leave to amend. (Docket No. 14 [7/19/12 Order].)

Duff timely filed his First Amended Counterclaim on August 9, 2012. (Docket No. 16 [First Am. Countercl.].) In response, Okorocha again filed a Motion to Dismiss and a section 425.16 "Anti-SLAPP" Motion to Strike Duff's defamation claim. (Docket Nos. 17 [Second Mot. to Strike]; 18 [Second Mot. to Dismiss].) This Court has denied Okorocha's Motion to Dismiss with respect to Duff's defamation claim in a separate order and, for reasons discussed in greater detail below, the Court now **DENIES** Okorocha's "Anti-SLAPP" Motion to Strike.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4248 GAF (SPx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | Okorie Okorocha v. Patrick Duff et al | | |

    Duff retained Okorocha, an attorney, to represent him in a criminal case in March of 2010. (Docket No.18 [Mem.] at 3.) Duff alleges that Okorocha failed to appear for scheduled court appearances, "forc[ed]" Duff to "fly from Delaware to California for a trial he never intended on having," and "postponed the case numerous times without any justification." (Docket No. 16 [First Am. Countercl.] ¶¶ 5-8.) Duff fired Okorocha on February 16, 2011, and subsequently posted an unfavorable review of Okorocha on Avvo.com, a website that provides a forum in which members of the public can rate professionals, including doctors and lawyers. (Docket No. 18 [Mem.] at 4.) Okorocha posted comments in response to Duff's negative review of his services. (Docket No. 16 [First Am. Countercl.] ¶ 2.) Okorocha's comments included a number of insults, referring to Duff as an "idiot" and "a couple sandwiches short of a picnic." (Id. ¶ 1.) In addition, Okorocha's posting included an allegation that Duff was a "drug dealer." (Id.)

## II.
## DISCUSSION

**A. LEGAL STANDARD UNDER CAL. CIV. PROC. CODE SECTION 425.16**

    California's anti-SLAPP statute, codified as section 425.16 of the California Code of Civil Procedure, was borne out of the Legislature's finding that "there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). In light of that finding, the statute provides that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1).

    The statute thus has two components. First, the plaintiff's cause of action must "arise from" an act of the defendant which was in furtherance of the defendant's right of petition or free speech. In this first step, the defendant bringing the anti-SLAPP motion "has the burden of making a prima facie showing" that the lawsuit arises from a protected activity under the statute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4248 GAF (SPx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | Okorie Okorocha v. Patrick Duff et al | | |

Dixon v. Superior Court, 36 Cal. Rptr. 2d 687, 694 (Cal. Ct. App. 1994) (internal citation omitted).  If the defendant does so successfully, the burden shifts to the plaintiff to demonstrate that he will probably prevail on the claim at trial.  Evans v. Unkow, 45 Cal. Rptr. 2d 624, 627–28 (Cal. Ct. App. 1995).

In evaluating the first prong, "the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech."  City of Cotati v. Cashman, 52 P.3d 695, 701 (Cal. 2002) (original emphasis).  "A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)."  Id. at 701–02.  Those categories are:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e).

**B. APPLICATION**

**1. OKOROCHA HAS NOT SATISFIED THE FIRST PRONG REQUIRED FOR RELIEF UNDER THE ANTI-SLAPP STATUTE**

Nowhere in his Motion to Strike does movant Okorocha specifically allege that his postings on the Avvo.com website fall into one of the four protected categories under section 425.16(e).  The single sentence in the Motion relevant to this issue states only that the website comments in question "arise from Okorocha's representation of Duff in a criminal case which is currently pending on appeal, and [were made] in response to Duff's comments about Okorocha's legal services at the trial court, and his threatened litigation for over a year." (Docket No. 17 [Mem.] at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4248 GAF (SPx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | Okorie Okorocha v. Patrick Duff et al | | |

This sentence suggests to the Court that Okorocha believes the website postings fall under section 425.16(e) category (2), which covers "any written or oral statement or writing made in connection with an issue under consideration or review by legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e). However, the website postings in question do not appear to relate to any issue under review in Duff's criminal appeal. Instead, the postings can be characterized at best as a collection of insults and attacks on Duff's character designed to discredit his negative review of Okorocha's services. It is unclear to this Court – and the Motion offers no explanation – why Okorocha believes Duff's defamation claims are frivolous and designed to chill his First Amendment rights.

To the extent Okorocha is alleging that his speech falls into section 425.16(e) categories (3) or (4), the Court is unsure as to whether the speech was made "in connection with an issue of public interest." Id. At first blush, the position that Okorocha's speech relates to an issue of public interest finds some support in Wong v. Tai Jing, where the court reasoned that a negative review of a dentist's services on the rating website Yelp.com constituted an issue of public interest because "consumer information that goes beyond a particular interaction between the parties and implicates matters of public concern that can affect many people is generally deemed to involve an issue of public interest for purposes of the anti-SLAPP statute." 117 Cal. Rptr. 3d 747, 759 (Cal. Ct. App. 2010) ; see Carver v. Bonds, 37 Cal. Rptr. 3d 480, 493 (Cal. Ct. App. 2005) (statements serving as a warning against doctor's method of self-promotion and provided to assist patients in choosing doctors involved a matter of public concern)).

However, the rulings in Wong and Carver would best support a determination that *Duff's* speech – Avvo.com postings criticizing Okorocha in an attempt to protect other consumers from his allegedly sub-part legal services – is a matter of public concern. It is unclear to what extent, if any, the Wong and Carver rulings give rise to the conclusion that Okorocha's *responses* to protected speech are also protected. And Okorocha has not provided the Court with any facts, argument or legal authority showing why his attack on Duff's character constitutes a matter of public concern or public interest.

The first prong of Anti-SLAPP analysis requires that the party bringing the motion make a prima facie showing that the lawsuit arises from a protected activity under the statute. Dixon, 36 Cal. Rptr. 2d at 694. Okorocha, however, has failed to demonstrate that his speech falls into one of the four protected categories under section 425.16(e). Thus, analysis of the second Anti-SLAPP prong – Duff's likelihood of success on his defamation claim – is unnecessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4248 GAF (SPx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | Okorie Okorocha v. Patrick Duff et al | | |

**2. OKOROCHA'S ARGUMENT THAT DUFF ERRED IN FAILING TO AMEND THE SUBSTANCE OF HIS COUNTERCLAIM IS BASED ON A MISUNDERSTANDING OF THE 7/19/12 ORDER.**

Okorocha's argument that Duff's "First Amended Counterclaim" must be stricken because "it is identical" to his initial counterclaim is based on a misunderstanding of the reason for the Court's 7/19/12 Order. The Court dismissed Duff's first Counterclaim only because he failed to file a timely response to Okorocha's first motions to dismiss and strike, not because of any deficiency in the substance of his Counterclaim. (Docket No. 14 [7/19/12 Order].) Because Duff is proceeding *pro se*, and the Court always favors a decision on the merits, Duff was granted leave to amend the Counterclaim. (Id.) Thus, to comply with the Court's order, Duff needed only to re-file his Counterclaim within the appropriate time limits and he did so. (Docket. No. 16 [First Am. Countercl.].) Okorocha's argument is therefore based on a misunderstanding of the Court's Order and does not provide a basis for striking Duff's Counterclaim.

Accordingly, the Motion to Strike is **DENIED**.

### III.
### CONCLUSION

For the reasons set forth above, Okorocha's Motion to Strike is **DENIED**.

**IT IS SO ORDERED.**